UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROBERT CLIFFORD WEDDINGTON,

    Plaintiff,

v.

DFC MICHAEL SAUNDERS,
DFC TOM LOTTERER,
JESSICA SANDERS and
DFC LEON DIXON,

    Defendants.

Civil Action No.: TDC-19-1985

## MEMORANDUM OPINION

Self-represented Plaintiff Robert Clifford Weddington, a state prisoner currently confined at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging excessive force by law enforcement personnel when he was tased in 2016 at the Circuit Court for Baltimore County, Maryland. Defendants have filed a Motion to Dismiss on the grounds that Weddington's claims are barred by the applicable statute of limitations. Weddington has filed a memorandum in opposition to the Motion. In addition, Weddington has filed a Motion for Summary Judgment by Default in which he argues that he is entitled to a default judgment because Defendants did not file their reply brief on time. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion for Summary Judgment by Default will be DENIED, the Motion to Dismiss will be GRANTED, and the Complaint will be DISMISSED.

## BACKGROUND

Weddington filed his original Complaint in this case on or about July 3, 2019 while he was detained at the Baltimore County Detention Center ("BCDC") in Towson, Maryland. The Complaint, submitted on a standard form of this Court, alleged that he had been unlawfully tased while in lockup at the Circuit Court for Baltimore County ("the Circuit Court") and named the Sheriff's Department at the Circuit Court as the sole defendant. At the Court's request, Weddington filed a First Amended Complaint naming as additional defendants the specific officials believed to be responsible, "Sheriff Jenkins" and "Sheriff Aora." First Am. Compl. at 1, ECF No. 13.

In the First Amended Complaint, Weddington asserted that on February 5, 2016, following a session of a jury trial in the Circuit Court, he was escorted to a holding cell. Aora took Weddington's handcuffs off as he entered the holding cell. According to Weddington, Aora then opened the cell door, ordered Weddington to kneel, and re-handcuffed Weddington. Aora then tased Weddington in the back, causing him to fall forward and injure his neck. Jenkins and other sheriff's deputies carried him out, and he was transported to a nearby hospital by ambulance for treatment.

Service of the First Amended Complaint failed because there was no one named Jenkins or Aora working at the Baltimore County Sheriff's Department. After the Court requested that the Attorney General of Maryland assist in identifying the deputies who escorted Weddington that day, counsel provided the names of the four currently named defendants on December 3, 2021. Based on this information, Weddington filed Second and Third Amended Complaints adding the currently named defendants and withdrawing the claims against Jenkins and Aora. The only significant change in Weddington's allegations was his claim that Defendant Deputy First Class

("DFC") Michael Saunders is the person who tased him and that the other defendants stood by and allowed it to occur.

## DISCUSSION

### I. Weddington's Motion for Summary Judgment by Default

During the pendency of the Motion to Dismiss, Weddington filed a "Motion for Summary Judgment by Default" in which he seeks a default judgment because Defendants did not file their reply brief by the deadline set by the Court. ECF No. 54. However, Defendants had filed a Motion for an Extension of Time, which the Court granted, so the reply brief was in fact timely. ECF No. 53. Weddington's Motion will therefore be denied.

### II. Defendants' Motion to Dismiss

In their Motion to Dismiss, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds that his claims are barred by the applicable three-year statute of limitations. In response, Weddington argues that he is entitled to equitable tolling of the limitations period.

#### A. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed

liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC,* 959 F.3d 605, 618 (4th Cir. 2020).

### B. Statute of Limitations

The statute of limitations is an affirmative defense that must be raised by a defendant, who also has the burden of establishing the defense. *See* Fed. R. Civ. P. 8(c); *see Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007). Because 42 U.S.C. § 1983 does not contain a statute of limitations, courts are to apply the applicable state law statute of limitations that is "most analogous" and "most appropriate" to the § 1983 claim asserted. *Owens v. Okure,* 488 U.S. 235, 239 (1989) (quoting *Bd. of Regents of Univ. of N.Y. v. Tomanio,* 446 U.S. 478, 488 (1980), and *Johnson v. Ry. Express Agency, Inc.,* 421 U.S. 454, 462 (1975)). In Maryland, when the § 1983 claim involves personal injury, courts apply the general statute of limitations for civil actions, which is three years from the date the cause of action accrues. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2020); *Owens v. Balt. City State's Atty's Office,* 767 F.3d 379, 388 (4th Cir. 2014). The question of when a § 1983 cause of action has accrued is a federal question. *See Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951, 955 (4th Cir. 1995) (en banc). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*

Here, Weddington has alleged that the tasing occurred on February 5, 2016, after a proceeding in the Circuit Court. At that point, he was plainly aware of the injury to him and had sufficient information to conclude that he had a cause of action. Although Weddington argues that his cause of action did not accrue on that date because he passed out as a result, he has not alleged that he remained unconscious for any substantial period of time that would extend the date of

accrual. The Court therefore finds that the date of accrual applicable to Weddington's claim is February 5, 2016, such that a complaint had to be filed by February 5, 2019. Weddington filed his original Complaint on July 2, 2019, the date he signed it and presumably placed it in the prison mail system. *See* Compl. at 4, ECF No. 1; *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Accordingly, the Complaint was filed five months after the statute of limitations expired. His claims are therefore time-barred.

### C. Equitable Tolling

Weddington argues that although the Complaint was filed more than three years after the incident, the Court should grant equitable tolling to permit his claims to proceed. Generally, a statute of limitations may be tolled for equitable reasons, but only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to plaintiffs who have not been diligent in protecting their rights. *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000). To be eligible for equitable tolling, a plaintiff ordinarily must show that (1) the plaintiff was pursuing the applicable rights diligently; and (2) some extraordinary circumstance stood in the plaintiff's way and prevented timely filing. *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019). The doctrine is to be used infrequently, so that "individualized hardship" and "subjective notions of fair accommodation" do not "supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

In cases in which a state statute of limitations applies, including a § 1983 case borrowing the state statute of limitations, the Court looks to state law principles on equitable tolling to the

extent that they are not inconsistent with the federal law. *Bd. of Regents of the Univ. of the State of New York v. Tomanio*, 446 U.S. 478, 485-46 (1980); *Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999). Under Maryland law, equitable tolling may occur if (1) there is persuasive authority or persuasive policy considerations supporting the recognition of the tolling exception; and (2) recognizing the tolling exception is consistent with the generally recognized purposes for the enactment of statutes of limitations. *Swam v. Upper Chesapeake Med. Ctr., Inc.*, 919 A.3d 33, 41 (Md. 2007). Weddington argues that equitable tolling is warranted for several reasons, including that it took several years to discover the identity of the sheriff's deputies who tased him; he had a medical condition affecting his eyes during the time period after the incident; and the circumstances of his incarceration, which included 23-hour per day lockdown and a lack of access to legal materials, prevented him from preparing his Complaint.

Although the Court agrees that Weddington did not initially know the identity of the law enforcement officers who tased him and that they were not finally identified until the Court intervened, Weddington, in fact, filed his Complaint without knowing their precise identity, and the Court accepted the Complaint even while requiring amendment. Though Weddington cites *Donald v. Cook County Sheriff's Office*, 95 F.3d 548 (7th Cir. 1996), in which the court considered whether the plaintiff's late amendment to add the names of the later identified individual defendants should be subject to equitable tolling, in that case the plaintiff filed a timely original complaint naming the Sheriff's Department as a defendant. *Id.* at 551, 562. Likewise, Weddington's reliance on *Smith v. City of Chicago Heights*, 951 F.2d 834, 840 (7th Cir. 1992), is misplaced because unlike in that case, there is no evidence of concealment of the identities of the defendants in order to prevent Weddington from filing a timely complaint. *See id.* (considering whether the state law doctrine of equitable estoppel applied based on this fact); *see also Edmonson*,

922 F.3d at 549 (discussing fraudulent concealment as a separate doctrine for tolling a limitations period). Thus, even accepting Weddington's assertion that some of the delay in filing was the result of efforts by his family members to identify the officers, such delay does not provide a basis to excuse the late filing.

As to Weddington's assertion of a medical problem, the eye condition he references was the subject of another lawsuit filed by Weddington in this Court that resulted in the issuance of a memorandum opinion, a portion of which has been submitted by Weddington. The Court will take judicial notice of the full opinion as well as the medical records relied upon in that opinion. *See Weddington v. Prime Care Med., Inc.*, No. TDC-19-2175, 2021 WL 130465, at *1-2 (D. Md. Jan. 14, 2021). In the earlier case, Weddington alleged that he suffered an eye injury on April 12, 2016 while he was playing basketball at BCDC. Although Weddington has recounted ongoing problems with his eye over the next three years that included an eye infection in August 2018, the records reflect that the eye injury did not incapacitate him to the point that he would have been unable to file a lawsuit, and there remained substantial time periods during the three-year limitations period when there were no reported problems. *Id.* at *1-2. The Court thus finds that Weddington's eye issues do not provide a basis to grant equitable tolling.

Finally, Weddington seeks equitable tolling based on his claim that he was locked in his cell for 23 hours a day with no access to "legal aid" while he was confined at BCDC. Opp'n Mot. Dismiss at 2, ECF No. 48. According to prison records, however, Weddington was not confined at BCDC for over a year of the three-year limitations period, between May 25, 2016 and August 29, 2017. Moreover, when detained at BCDC, before and after those dates, he was only in segregation for a total of approximately five weeks. Under these circumstances, and where Weddington's Complaint was filed five months too late, the claim that Weddington's conditions

of confinement were so restrictive that he could not file this case on time does not merit tolling the limitations period.

The Court therefore finds that Weddington is not entitled to equitable tolling and that his claims are thus time-barred.

## CONCLUSION

For the foregoing reasons, Weddington's Motion for Summary Judgment by Default will be DENIED, Defendants' Motion to Dismiss will be GRANTED, and the Complaint will be DISMISSED.  A separate Order shall issue.

Date:  September 23, 2022

THEODORE D. CHUANG
United States District Judge